UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MASON,<br><br>  Plaintiff,<br><br>v.<br><br>CREDITANSWERS, LLC,<br><br>  Defendant. | Civil No. 07cv1919-L(POR)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Pending before the court is Defendant's motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Plaintiff opposed the motion. For the reasons which follow, the motion is **DENIED**.

Plaintiff, an individual who resides in San Diego County, alleges that he responded to Defendant's radio advertisement which allegedly stated that consumers with more than $10,000 in debt could reduce their debt by 60%. (Compl. at 5.) As prompted by the ad, Plaintiff called Defendant and eventually entered into a contract with Defendant. (*Id.*; *see also* Mason Decl. at 1.) Defendant is a Texas corporation located in Dallas, Texas. (Brown Decl. at 1.)

Plaintiff alleges that although it was difficult for him to pay his debts, he had a good credit score. (Compl. at 6.) Plaintiff told Dan Adams, Defendant's representative with whom he spoke that he contacted Defendant in the hope he could reduce his debt payments without jeopardizing his credit score. (*Id.*) Mr. Adams instructed him, based on Defendant's "proven

system" to immediately stop paying bills and not to communicate with his creditors. (*Id.*; *see also* Mason Decl. at 2.) Mr. Adams further represented that Defendant would contact Plaintiff's creditors to arrange a payment plan which would ultimately save Plaintiff a lot of money and improve his credit. (Compl. at 6, 8; *see also* Mason Decl. at 2.) Pursuant to Defendant's instruction, Plaintiff provided Defendant with pertinent information about his debts and paid Defendant a $2,512.31 fee for its services. (Compl. at 6-7; *see also* Mason Decl. at 2.) Defendant also instructed Plaintiff to open a checking account wherein he was to deposit monthly payments as calculated by Defendant and to which Defendant would have access. (Compl. at 6-7; *see also* Mason Decl. at 2.) Plaintiff complied with the instructions. (Compl. at 6-7.) Subsequently, Defendant sent Plaintiff a written description of the settlements it purportedly negotiated with Plaintiff's creditors. (*Id.* at 7.)

Defendant sent Plaintiff a set of documents entitled "Welcome to DTS Debt Termination Program!" wherein Defendant represented, among other things, that it would improve Plaintiff's credit. (*Id.* at 11.) Contrary to Plaintiff's understanding, Defendant allowed Plaintiff's obligations to go into default and subjected Plaintiff to a creditor lawsuit. (*Id.* at 9, 11-12; *see also* Mason Decl. at 2.) Eventually, Defendant told Plaintiff that it had done all it could and that Plaintiff should either file for bankruptcy or hire counsel. (Compl. at 12.) As a result of Defendant's "services," Plaintiff is worse off than he was before. (Mason Decl. at 2.)

Plaintiff filed a complaint in this district seeking damages against Defendant under 15 U.S.C. § 1692 *et seq*. (Fair Debt Collection Practices Act), California Civil Code § 1788 *et seq*. (Rosenthal Fair Debt Collection Practices Act), 15 U.S.C. § 1679 *et seq*. (Credit Repair Organization Act), California Civil Code § 1789.10 *et seq*. (Credit Services Act of 1984), and for negligence, fraud, negligent misrepresentation and breach of fiduciary duty.

Defendant's motion is based on a contractual forum selection clause. According to Defendant, the clause provides for dispute resolution in Texas under certain circumstances. (Brown Decl. Ex. 1, CreditAnswers LLC Service Agreement at 5.) Defendant seeks dismissal and does not seek to transfer venue to Texas. This is apparently motivated by the agreement's arbitration clause. (*See id.*; *see also* Def.'s Mem. of P.&A. at 4 ("the case should be dismissed

because in addition to choosing the forum for any dispute, the parties also agreed to submit all disputes to binding arbitration.") .)  However, Defendant does not seek to compel arbitration with this motion.  Accordingly, the court does not address the issue whether arbitration should be compelled in this case.

Because Defendant's motion is made pursuant to Rule 12(b)(3), the allegations in the complaint need not be accepted as true and the court may consider facts outside the complaint.  *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).  "[I]n the context of a Rule 12(b)(3) motion based upon a forum selection clause, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party . . .."  *Id.* at 1138.

Federal law governs the enforceability of the forum selection clause in this case.  *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590 (1991) (federal question cases); *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988) (diversity cases).  "[F]orum selection clauses are presumptively valid" and "should be honored absent some compelling and countervailing reason."  *Murphy*, 362 F.3d at 1140, quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) (internal quotation marks omitted).  Three factors make enforcement of a forum selection clause unreasonable:

> (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought.

*Id.* at 1140 (internal citation and quotation marks omitted).  The fact that the forum selection clause is contained in a form contract which was not subject to negotiation does not defeat enforceability.  *Id.* at 1141.

Plaintiff argues that enforcing the clause would be improper because it would effectively deprive him of his day in court, the term was not negotiable, and he did not receive adequate notice of the forum selection clause.  The court agrees.

That Plaintiff is financially distressed is obvious from the nature of this action.  Plaintiff has limited income and he could not pursue his case in Texas.  (Mason Decl. at 3.)  Plaintiff

presented evidence of his financial inability, which Defendant does not controvert. Where a party's financial circumstance would effectively preclude him from a day in court, enforcing the forum selection clause would be unreasonable. *Murphy*, 362 F.3d at 1142.

In the alternative, enforcement is unreasonable in the absence of sufficient notice. Plaintiff did not have the opportunity to negotiate any of the terms of the Service Agreement and the agreement was a form. (Mason Decl. at 3 & Brown Decl. Ex. A.) Although non-negotiability does not by itself defeat enforcement of a forum selection clause, such clauses contained in form contracts are subject to judicial scrutiny for fundamental fairness. *Shute*, 499 U.S. at 595. Providing sufficient notice is required for the clause to comport with fundamental fairness. *See id.*; *see also Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 839-40 (9th Cir. 2002).

Plaintiff received the agreement by e-mail which spelled out the contract summary but not the Service Agreement. (Mason Decl. at 3.) He was not required to and did not sign the agreement, but merely had to check a box that he agreed to the terms. (*Id.*) Defendant does not dispute this evidence. Furthermore, the Service Agreement does not emphasize or draw attention to the forum selection clause in any way. (*See* Brown Dec. Ex. A.) Consequently, Plaintiff did not receive adequate notice of the forum selection clause. *See Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9 (2nd Cir. 1995) (contract drawing attention to the forum selection clause provided adequate notice); *see also Wallis*, 306 F.3d at 835-36.

Moreover, assuming *arguendo* that the manner of transmitting the agreement and presenting the forum selection clause were not inadequate, the forum selection clause is ambiguous. It provides:

> CLIENT understands that this AGREEMENT has been made under the laws of the State of Texas and that in the event that a dispute is not resolved under the terms of paragraph 11 of this AGREEMENT, both CLIENT and COMPANY agree that it shall be resolved under the governing laws of the State of Texas and in the county and city of Dallas, Texas and in no other location. Both parties also agree that whatever disputed terms in this AGREEMENT may be subject to binding arbitration, or in any matter of law, in no manner shall that item(s) affect the remainder of this AGREEMENT.

/ / / / /

/ / / / /

(Brown Decl. Ex. A at 5.)  The clause could reasonably be read to provide for venue in Texas "in the event that a dispute is not resolved under the terms of paragraph 11 of this AGREEMENT." Paragraph 11 is an arbitration clause which reads:

> Both parties agree that if CLIENT feels that a dispute that cannot be resolved between parties as per the terms of this AGREEMENT, CLIENT will submit a request to AAA (American Arbitration Association) for binding arbitration by an arbitrator and in a location of AAA's choosing.

(*Id.*)

In the context of the arbitration clause, the forum selection clause applies only when the parties do not resolve their dispute by arbitration.  The arbitration clause does not provide for any specific location but merely sets out AAA as the arbitrator.  Accordingly, the dispute could be submitted to arbitration with AAA in San Diego; although, under the arbitration clause the local AAA arguably could transfer the case to a different location.  The circumstances where the forum selection clause applies appear to be rare because the arbitration clause provides for "binding" arbitration.[1]  However, last sentence of the clause makes it unclear when the arbitration clause applies.  The forum selection clause, when read together with the arbitration clause is confusing so as not to provide adequate notice.

Furthermore, the clauses read together do not support Defendant's intended course of action – to dismiss this case and force Plaintiff to submit the dispute to arbitration in Texas.  (*See* Def.'s Mem. of P.&A. field Nov. 15, 2007 at 4, 5.)  If Defendant wants to arbitrate the dispute, it should move to compel arbitration.  If the arbitration clause is enforced, it does not mandate that Plaintiff arbitrate in Texas.

Last, this action is brought primarily under state and federal consumer protection statutes. To force a consumer to litigate in a distant forum, which may deprive many potential plaintiffs of the opportunity to litigate at all, seems contrary to the policies sought to be advanced by the statutes.  Enforcing the forum selection clause in the context of this case would therefore
/ / / / /

---

[1] The court does not express any opinion regarding the enforceability of the arbitration clause.

"contravene a strong public policy of the forum in which suit is brought." *Murphy*, 362 F.3d at 1140; *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000).

For the foregoing reasons, Defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED**.

DATED: September 4, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL